## In re RUSSEL et al.
### Patent Appeal No. 2843.

Court of Customs and Patent Appeals.
March 7, 1932.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying appellants' application for a patent for an alleged invention relating to "improvements in pressure atomizing nozzles."

The application contains two claims, Nos. 10 and 11. Claim 10 is illustrative. It reads: "An atomizer nozzle comprising a nozzle tip having a cavity in its inner end, and a discharge opening from said cavity to the outer end of said tip; a spreader element seated against the end wall of said cavity and having a number of grooves in its outer end forming passages from between said element and the wall of said cavity to said discharge opening, and a retaining device screwed in the inner end of said tip and removably abutting against said spreader element and having openings therethrough for the passage of fluid into said cavity."

The reference is: Gronlind (Norwegian) 35,005, 1922.

Appellants' device is adapted for use in oil burners and for other uses where finely atomized liquid is desired. The oil, or other substance, to be sprayed is caused to whirl within the tip of the nozzle by means of a "spreader element." The structure in question, fully described in the quoted claim, is composed of three members—a nozzle tip, inclosing a "spreader element," and a retaining device screwed in the end of the nozzle tip.

The patent to Gronlind discloses an atomizing nozzle for oil burners. Inclosed within the nozzle tip is a steel plate, held in place by a ring. The steel plate is separable from the nozzle, and, as stated by the Board of Appeals, appears to "constitute a wall of the cavity in the nozzle against which the spreader element is seated." The spreader element, the steel plate, and the ring, are secured in position by a retaining device—an oil supply pipe.

In his decision, the Primary Examiner, among other things, said: "The reference on which the claims were rejected shows a nozzle tip comprising members 1, 2 and 4 which are independent of each other but which could be made integral if desired, without involving invention since this is the well known and usual practice. This practice being of such common knowledge to those familiar with the art, the citation of reference disclosing the same has been deemed unnecessary. Moreover, even as independent members they are the full equivalent of applicants' tip. Oil pipe 6 has an extension 12 which fits into a cavity in 'spreader' member 5. By means of interacting screw threads on the tip and oil pipe members 1, 2, 4, 5, 6 are rigidly held together. Extension 12 has canals which communicate with canals 8 in member 5, and tangential passages 10 establish communication with annular channel 9 and the outlet cavity. These passages are the full equivalent of applicants' passages. Moreover, the result obtained in the Norwegian patent is substantially identical with that obtained by applicant. Construed in this manner the device disclosed in the reference fully anticipates applicants' claims."

The Board of Appeals concurred in the views expressed by the Primary Examiner, and stated that appellants' device was not patentably different from that disclosed by the reference.

It is claimed by appellants that they have made a self-contained device, comprising only three elements, which can be manufactured and sold as an assembled unit at a low cost; and that the Gronlind nozzle, composed of five elements, "cannot be manufactured and assembled and sold as a complete and unitary device because the parts thereof will separate and fall apart." It is further argued that the Gronlind nozzle is not operative.

It is also contended by counsel for appellants that a "foreign patent is to be measured as anticipatory not by what might have been made out of it, but by what is clearly and definitely expressed in it," and that, as it would be necessary to make changes in the Gronlind structure, in order to make it operative, it can not be considered as an anticipation of appellants' device.

We may say at the outset that we agree with the views expressed by the tribunals of the Patent Office that the Gronlind device is

not only operative, but that it performs the same function, in substantially the same way, as that of appellants.

It is true, as argued by counsel for appellants, that, by changing the form of the nozzle tip, the steel plate and the ring for maintaining it in position, disclosed in the reference, have been omitted. However, the steel plate is referred to in the reference as exchangeable, and, it is argued by the solicitor for the Patent Office, was intended as an easy repair feature. This is undoubtedly true. Therefore, by making the nozzle tip in one piece instead of two pieces, appellants have eliminated the ring and its function and, also, the repair feature inherent in the removable plate. They have, also, changed the form of the retaining element. However, all of the elements in appellants' device, or their equivalents, are found in the reference, where they perform the same functions in substantially the same way.

It is our opinion that the reference so clearly discloses appellants' alleged invention as to enable a mechanic skilled in the art to construct it without resorting to experiments, and that the modifications made by appellants are devoid of patentable novelty. This being so, the reference, although a foreign patent, is a proper one and is sufficient to negative patentability of the involved claims. Hoskins Mfg. Co. v. General Electric Co. (D. C.) 212 F. 422, 429, and cases cited; Selectasine Patents Co. v. Presto-O-Graph Co. (D. C.) 267 F. 840; Walker on Patents, vol. 1, § 91.

The decision is affirmed.

Affirmed.